# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLIN MEDICAL INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>     vs.<br><br>WOO YOUNG MEDICAL CO., LTD., a company incorporated under the laws of South Korea, WYM ITC USA, INC., a Pennsylvania corporation, and DOES 1 through 10,<br><br>                              Defendants. | CASE NO. 10cv2167-LAB (POR)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO STRIKE**<br><br>[Docket Numbers 14, 30.] |

This case involves a dispute over the trademark "ACCUFUSER," under which medical infusion pumps are sold. Curlin Medical, Inc. has moved for a preliminary injunction forbidding Defendants Woo Young Medical Co., Inc. and WYM ITC USA, Inc. (collectively, "Woo Young") from using the trademark to sell medical infusion pumps in the U.S. Curlin doesn't dispute Woo Young's right to use the trademark outside the U.S. Woo Young moved to strike Curlin's reply to its opposition, because the reply is over-length and raises issues not raised in the opening brief. On January 18, the parties appeared through counsel at a hearing on both motions.

/ / /

**I.   Discussion**

Under *Winter v. Natural Resources Defense Council*,

> [a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

129 S.Ct. 365, 374 (2008).  The briefing addressed all four factors.  Under an alternate formulation of the test, the Court can grant a preliminary injunction if it finds "serious questions" going to the merits, if the balance of hardships tips <u>sharply</u> in the plaintiff's favor, and if the other two *Winter* factors are satisfied.  *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010).

As an initial matter, the Court finds it likely Curlin will ultimately succeed on the merits. The parties agree that the parties' distributor agreement, amended several times over the course of their business relationship, determines who owns the trademark.  But the interpretation urged by Woo Young appears to be unreasonable.  Regardless of what the parties might have subjectively intended the contract to say, section 7 of the agreement, dealing with trademarks, actually reserves Woo Young's proprietary rights only in trademarks it has already registered in the territory.  Curlin's predecessor had the right to any trademarks it registered after the agreement was entered into.  After termination of the agreement, Curlin's predecessor was required to cease using Woo Young's trademarks.  This agreement doesn't appear to protect the ACCUFUSER trademark here, because Woo Young didn't register the mark in the U.S.  It also doesn't appear to require Curlin to transfer ownership of the mark to Woo Young.

The Court need not engage in a full merits analysis at this time, however, because it is apparent the injunction must be denied because Curlin hasn't shown either a likelihood of irreparable harm (as required under *Winter*) or that the balance of hardships tips <u>sharply</u> in its favor (as required under the alternate *Cottrell* formulation).

Curlin and Woo Young intend to use exactly the same mark on exactly the same products.  In fact, the parties agree pumps sold under the mark were all manufactured by

1  Woo Young, so there is no dispute they are identical in appearance and quality.  The parties
2  therefore agree there is a likelihood of confusion.  Based on this, Curlin argues that the Court
3  <u>must</u> find a likelihood of irreparable harm.  At the hearing, Curlin's counsel cited *Marlyn*
4  *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873 (9th Cir. 2009) for the
5  principle that a possibility of confusion was sufficient require a finding of irreparable harm in
6  trademark cases.  *Marlyn* doesn't compel a finding of irreparable harm in every case where
7  a likelihood of confusion is shown; rather, it holds that a court <u>may</u> reasonably infer
8  irreparable harm once a likelihood of confusion has been shown.  *Id*. at 877.  *Marlyn* also
9  adheres to the *Winter* standard on the question of "possibility" as opposed to "likelihood" of
10 harm.  *Id*.

11      Curlin has suggested that even though the products are identical, customers might
12 become confused about which distributor they are dealing with and, if they are dissatisfied
13 with another distributor's service or support, Curlin's goodwill could erode.  The pumps aren't
14 sold directly to the public, but instead are marketed to physicians and other sophisticated
15 purchasers.   There is no evidence of the degree to which service and support matters to
16 purchasers of infusion pumps.  Woo Young hasn't yet begun selling the pumps in the U.S.,
17 so there's no evidence about how they would be sold.

18      More significantly, Woo Young isn't ready to sell the pumps in the U.S. and won't be
19 ready for some time.  Before beginning to sell the pumps here, Woo Young would first need
20 to reach an agreement with a distributor.  Up to now, its success in recruiting distributors has
21 been hampered by the dispute so it doesn't seem likely this will happen soon. The parties
22 also mentioned at the hearing that any new distributor would first need to obtain FDA
23 approval before beginning to sell infusion pumps in the U.S.  That series of requirements
24 stands in the way of Woo Young's distribution the pumps in the U.S.  Therefore, even though
25 Curlin might be able to show a likelihood of harm if the injunction is denied <u>and</u> if events
26 unfold as Woo Young envisions them, Curlin can't show it is "likely to suffer irreparable harm
27 <u>in the absence of preliminary relief</u> . . . ."  *Winter*, 129 S.Ct. at 374 (emphasis added).
28 / / /

1    For much the same reasons, Curlin can't show that the balance of hardships tips in
2  its favor at present, much less that the balance tips "sharply" in its favor.  Quite simply, there
3  is little showing of any hardship to Curlin at this time.  If Woo Young were to recruit a
4  distributor and that distributor were to obtain FDA approval, Curlin might then begin to face
5  some substantial hardships.

6    The motion for preliminary injunction is therefore **DENIED WITHOUT PREJUDICE**.
7  If Woo Young's distribution of infusion pumps becomes imminent, Curlin is not foreclosed
8  from renewing its motion at that time.

9    Woo Young's motion to strike the reply is **DENIED AS MOOT**.  In future, the parties
10  should know that the Court's general practice is to ignore arguments raised for the first time
11  in a reply brief.  *See Mesa Grande Band of Mission Indians v. Salazar*, 657 F. Supp. 2d
12  1169, 1173 (S.D.Cal., 2009).

14    **IT IS SO ORDERED**.
15  DATED: January 18, 2011

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge